

FILED
CLERK, U.S. DISTRICT COURT

JUL - 2 2026

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>STEVEN ZEPEDA,<br><br>          Defendant. | Case No.  26-MJ-3700<br><br>ORDER OF DETENTION |

## I.

On June 25, 2026, Defendant Steven Zepeda made his initial appearance on the Criminal Complaint filed in this matter.  Michael Artan, a member of the CJA panel, was appointed to represent Defendant.  The government was represented by

Assistant United States Attorney Minjae Kim.  At Defendant's request, a detention hearing was continued to July 2, 2026 and held on that date.

☒　　On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒　　On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered the information presented at the hearing, the arguments of counsel, and the report and recommendation prepared by U.S. Probation and Pretrial Services on June 25, 2026 and July 2, 2026.

\\

\\

\\

2

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒    unverified residence/unknown address

☒    no confirmed bail resources – Defendant's mother did not confirm her willingness to be a surety.

☒    2021 conviction for evading an officer

☒    unrebutted presumption.

As to danger to the community:

☒    Allegations in the complaint include sales of firearms to a confidential informant and, after Defendant's release from incarceration, subsequent sales of firearms and methamphetamine to undercover agent and confidential informant

☒    criminal history includes felony convictions for possession of burglary tools, vehicle theft, burglary, and evading an officer and extensive law enforcement contacts for narcotics related offenses, vehicle theft and possession of stolen property

☒    history of substance abuse

☒    unrebutted presumption

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the

3

person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  [18 U.S.C. § 3142(i)]

Dated: July 2, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE